UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
FILE NO. 1:19-cv-

| | | |
|---|---|---|
| SIERRAH GRIFFIN, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | COMPLAINT |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Defendant. | ) ) | |

The Plaintiff, complaining of Defendant, alleges and says:

**FIRST CLAIM FOR RELIEF**

1. This is an action arising under the Federal Tort Claims Act, 28 U.S.C. Sec. 2671 *et. seq.* This Court is vested with jurisdiction pursuant to Section 1346(b), Title 28 of the United States Code, (28 U.S.C. Sec. 1346 (b)).

2. Plaintiff, Sierrah Griffin, is a citizen and resident of Greensboro, Guilford County, North Carolina.

3. The Defendant is the United States of America.

4. The Plaintiff first presented their administrative claim in writing to the appropriate Federal Agency on or about April 10, 2018, by submitting Standard Form 95 to the United States Postal Service, Tort Claims Coordinator, P.O. Box 27499, Greensboro, North Carolina, 27498 for damages covering the Plaintiff's injuries and property damage. Said agency denied Plaintiff's claim by correspondence dated November 8, 2018.

5. On January 16, 218, at approximately 6:19 p.m., Plaintiff was operating her motor vehicle in an easterly direction on W. Friendly Avenue near the intersection of N. Holden

Road in Greensboro, North Carolina.

6. At the same time and place set out above, Karen Smith was operating a light weight truck in an westerly direction on W. Friendly Avenue.

7. At the time and place set out above, the light weight truck being operated by Karen Smith was owned by the United States Postal Service.

8. At all times complained of herein, Karen Smith was operating the United States Postal Service vehicle in the course and scope of her employment, and therefore as a federal employee of the United State Postal Service.

9. Upon information and belief, at the time and place set out above, Karen Smith was operating the United States Postal Service vehicle with the consent and permission of the Defendant United States od America, and was driving the said vehicle as the agent of the United States of America.

10. At the same time and place set forth above, there was an existing traffic control signal device duly erected by State or local authorities for the regulation of traffic traveling through the intersection of W. Friendly Avenue and N. Holden Road and, upon information and belief, the said traffic control signal was properly functioning.

11. As Plaintiff approached the intersection of W. Friendly Avenue and N. Holden Road, the traffic control signal was emitting a green signal light in the Plaintiff's direction of travel giving her the right-of-way to approach and enter the said intersection.

12. At the same time and place set forth above, Karen Smith was traveling in a westerly direction on W. Friendly Avenue approaching its intersection with N. Holden Road when she failed to stop Defendant's vehicle in obeyance to the red signal directing her lane of travel and negligently continued into the intersection, causing the

- 2 -

Case 1:19-cv-00445-LCB-JEP   Document 1   Filed 04/30/19   Page 2 of 6

Plaintiff's vehicle to violently collide with the Defendant's vehicle.

13. That at all times herein complained of, Karen Smith was negligent in one or more of the following respects:

    (a) She failed to exercise the common law duty of reasonable care in the operation of her motor vehicle;

    (b) She failed to exercise due care and caution for her safety and the safety of others upon a public highway;

    (c) She drove a vehicle upon a highway or public vehicular area carelessly and heedlessly and in willful and wanton disregard of the rights and safety of others;

    (d) She drove a vehicle upon a highway or public vehicular area without due caution and circumspection and at a speed and in a manner so as to endanger or be likely to endanger personal property;

    (e) She failed to ascertain if she could safely enter the aforesaid intersection;

    (f) She failed to decrease her speed as necessary to avoid colliding with a vehicle on the highway and to avoid injury to any person or property;

    (g) She failed to bring the vehicle she was operating to a stop in obedience to a duly erected traffic signal device which was emitting a steady red light for traffic proceeding in her direction of travel, and failed to yield the right-of-way to a vehicle proceeding through the intersection in obedience to the electric traffic signaling device;

    (h) She failed to keep a reasonably careful and proper lookout in her direction of travel;

(i) She failed to keep the vehicle that she was operating under reasonable and proper control;

(j) She failed to take such other actions as a reasonable, careful and prudent person would take to avoid a collision with vehicles upon the highway; and

(k) She was negligent in other and further ways as the evidence will show and to be proven at trial.

14. That the negligence of Karen Smith as herein alleged was a proximate cause of the collision herein complained of the injury and damage to the Plaintiff.

15. That at all times herein complained of, Karen Smith was operating the light weight truck as an employee of the United States Postal Service, and with the consent and permission of the Defendant United States of America and as the agent of Defendant United States of America; the Defendant United State of America is liable for the injuries and damages to the Plaintiff.

16. That immediately before the collision, the Plaintiff was in good health. That in said collision, the Plaintiff suffered serious injuries to her body.

17. That the Plaintiff has required treatment by physicians, hospitals and other medical treatment; that the Plaintiff has incurred large expenses for her medical treatment; that the Plaintiff may require further medical treatment in the future and is informed and believes that she may incur additional expenses for treatment; that the Plaintiff has suffered and continues to suffer pain on account of her injuries and is informed and believes that she may continue in the future to suffer pain on account of the said injuries; that on account of said injuries, the Plaintiff is still experiencing problems; and that she has a permanent impairment as a result of her injuries.

18. As a result of the foregoing, Plaintiff hereby seeks judgment in this matter as against Defendant in such a fair and reasonable amount as may be awarded by the Court, and such other and further relief as to the Court may seem just and proper.

## SECOND CLAIM FOR RELIEF

19. Plaintiff realleges, restates and incorporates herein by reference, the allegations of Paragraphs 1 through 18 of the First Claim of Relief.

20. Plaintiff has incurred lost wages and expenses for medical treatment, she is informed and believes that she may continue to incur additional expenses.

21. That the negligence of Karen Smith as herein alleged was the proximate cause of the injury to Plaintiff.

## THIRD CLAIM FOR RELIEF

22. Plaintiff realleges, restates and incorporates herein by reference, the allegations of Paragraphs 1 through 21 of the First Claim of Relief.

23. At the time and place set forth above, the Plaintiff owned a 2017 Nissan vehicle that she was operating the day of the crash, damages to the vehicle are estimated $18,100.00,

24. At the time and place set forth above, and as a result of the collision with the vehicle being operated by Karen Smith, the Plaintiff sustained damage to her Nissan vehicle which she was operating at the time of the collision.

25. That as a result of the collision with the vehicle operated by Karen Smith, the Nissan vehicle was severely damages, and the Plaintiff suffered property damages, for which she is entitled to recover, in the amount of $18,100.00.

**WHEREFORE,** Plaintiff hereby demands judgment in this matter as against Defendant in such a fair and reasonable amount as may be awarded by the Court, together with such other

- 5 -

Case 1:19-cv-00445-LCB-JEP   Document 1   Filed 04/30/19   Page 5 of 6

and further relief as the Court may deem just and proper, attorneys' fees, costs and disbursements in this action, all in a fair and reasonable amount not to exceed the aggregate sum of ONE HUNDRED AND SIXTY-EIGHT THOUSAND AND SIX HUNDRED AND NO/100 DOLLARS ($168,600.00), as set forth in Plaintiff's Administrative Claim.

This the 29th day of April, 2019.

**LANIER LAW GROUP, P.A.**

/s/ Donald S. Higley, II
Donald S. Higley, II
Attorneys for Plaintiff
NC Bar No. 20814
4915 Piedmont Parkway, Suite 104
Jamestown, North Carolina 27282
Telephone: (336) 506-1041
Facsimile: (336) 506-1016
dhigley@lanierlawgroup.com