IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

SIERRAH GRIFFIN, )
)
        Plaintiff, )
)
v. ) 1:19CV445
)
UNITED STATES OF AMERICA, )
)
        Defendant. )

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge.

Plaintiff Sierrah Griffin initiated this action against Defendant, the United States of America, under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, alleging that she suffered personal and economic injuries and property damages as a result of a vehicular collision involving a United States Postal Services ("USPS") employee.[1]  (ECF No. 1.)  Before the Court is Defendant's Motion for Summary Judgment.  (ECF No. 28.)  For the reasons set forth below, Defendant's motion will be DENIED.

    I.    BACKGROUND

        A.  Factual Background

Plaintiff is a citizen and resident of Greensboro, Guilford County, North Carolina.  (ECF No. 1 at 1.)  On January 16, 2018, she was driving her vehicle on West Friendly Avenue in an

---

1. The FTCA indicates that the United States "shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances. . . ." 28 U.S.C. § 2674.

easterly direction, approaching the intersection of West Friendly Avenue and North Holden Road, in Greensboro, North Carolina. (ECF No. 1 at 1–2.) Plaintiff was in the left lane designated for traffic traveling straight through the intersection when the traffic in that lane came to a stop because the traffic light directing that lane was red. (ECF No. 29-5 at 11.) When the traffic light turned green, however, a vehicle that was ahead of her in the same lane did not move. (*Id.*) Plaintiff then observed that the stopped vehicle began to emit its hazard lights and further observed that cars in the same lane that were between her vehicle and the stopped vehicle were merging into the right lane. (*Id.*) Plaintiff, likewise, merged into the right lane to avoid the stopped vehicle and proceeded into the intersection. Plaintiff testified that as she approached the intersection, she noticed a USPS postal truck, later determined to be driven by Karen Smith, coming from the opposite direction on West Friendly Avenue waiting in the intersection at the traffic light. (ECF No. 30-2 at 9.) According to Plaintiff, the USPS truck was not moving toward her as she was entering the intersection, however, while in the intersection, she saw the USPS truck turn toward her in an attempt to execute a left turn. (*Id.*) Plaintiff's vehicle and the USPS truck then collided. (*Id.*) Plaintiff incurred injuries and property damages in the collision. (ECF No. 1 at 4–5.)

According to the testimony of Ms. Smith, the driver of the USPS truck, she was operating the USPS truck in a westerly direction on West Friendly Avenue toward the intersection of West Friendly Avenue and North Holden Road. (ECF No. 29-2 at 16.) She then entered the intersection of West Friendly Avenue and North Holden Road while the light directing her lane of traffic was green to attempt to make a left turn on to North Holden Road to travel south. (*Id.* at 11.) The traffic light was a "green ball," rather than an arrow, so Ms. Smith

stopped her vehicle in the intersection and waited for oncoming traffic to clear before attempting to perform a left turn. (*Id.* at 11–12.) Ms. Smith testified that while she was in the intersection, the traffic light turned from green, to yellow, then to red. (ECF No. 30-3 at 9.) Ms. Smith made clear that she did not begin to perform her left turn until the light was red. (ECF 29-2 at 13.) Ms. Smith stated that when the light turned red, she did not see anyone else coming, so she attempted to perform her left turn, at which time the collision occurred. (*Id.* at 14.)

### B. Procedural Background

On April 10, 2018, Plaintiff first presented her claim for damages for injury and property damage as a result of the accident to the USPS Tort Claims Coordinator. (ECF No. 1 at 1.) Her claim was denied by correspondence dated November 8, 2018. (*Id.*) Following the denial, on April 30, 2019, Plaintiff filed her complaint in this action alleging that Ms. Smith negligently operated the USPS vehicle, which was the proximate cause of the collision that resulted in the injuries and damages of which Plaintiff complains. (ECF No. 1 at 3–5.) Defendant filed its Answer to Plaintiff's complaint asserting, *inter alia*, the affirmative defense of contributory negligence. (ECF No. 5 at 5.) On February 12, 2020, Plaintiff moved the Court for an Order allowing her to amend her complaint through a supplemental pleading by filing a Reply to allege the doctrine of last clear chance. (ECF No. 19.) Over Defendant's objection, on March 20, 2020, this Court entered an Order permitting Plaintiff to file a Reply asserting the doctrine of last clear chance stating that "[this] Court will accept [Plaintiff's Reply] as a Supplement to the Complaint." (ECF No. 23 at 2.) Defendant now moves for summary judgement solely on the issue of last clear chance. (ECF No. 28.)

## II. LEGAL STANDARD

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it might affect the outcome of the litigation, and a dispute is "genuine" if the evidence would permit a reasonable jury to find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When the nonmoving party bears the burden of proof on an issue, the moving party is entitled to judgment as a matter of law if the nonmoving party "fail[s] to make a sufficient showing on an essential element of her case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986) (noting that a "complete failure of proof" on an essential element of the case renders all other facts immaterial).

The party seeking summary judgment bears the initial burden of production, which may be discharged by "pointing out to the district court . . . that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. To defeat summary judgment, the nonmoving party must designate "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). In so doing, "the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." *Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013). The nonmoving party must support its assertions by citing to particular parts of the record, such as affidavits, depositions, answers to interrogatories, and admissions on file. Fed. R. Civ. P. 56(c)(1)(A); *Celotex Corp.*, 477 U.S. at 324.

The role of the court is not "to weigh the evidence and determine the truth of the matter" but rather "to determine whether there is a genuine issue for trial." *Liberty Lobby*, 477 U.S. at

249. A genuine issue for trial exists only when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.* "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249–50 (citations omitted). When reviewing a motion for summary judgment, the court must "resolve all factual disputes and any competing, rational inferences in the light most favorable" to the nonmoving party. *Rossignol v. Voorhaar*, 316 F.3d 516, 523 (4th Cir. 2003) (quoting *Wightman v. Springfield Terminal Ry. Co.*, 100 F.3d 228, 230 (1st Cir. 1996)).

III. DISCUSSION

The North Carolina Supreme Court[2] has described a pleading of last clear chance as "a plea in avoidance to the affirmative defense of contributory negligence." *Vernon v. Crist*, 231 S.E.2d 591, 593 (N.C. 1977).

> For the doctrine to apply it must appear 'that after the plaintiff had, by [her] own negligence, gotten into a position of helpless peril (or into a position of peril to which [she] was inadvertent), the defendant discovered the plaintiff's helpless peril (or inadvertence), or, being under a duty to do so, should have, and, thereafter, the defendant, having the means and the time to avoid the injury, negligently failed to do so.'

*Id.* at 596 (quoting *Exum v. Boyles*, 158 S.E.2d 845, 853 (N.C. 1968)). "In situations where this doctrine applies, the focus is not on the preceding negligence of the defendant or the contributory negligence of the plaintiff which would ordinarily defeat recovery." *Culler v.*

---

2. "In actions brought under the FTCA, federal courts apply the substantive law of the state in which the act or omission giving rise to the action occurred." *Myrick v. United States*, 723 F.2d 1158, 1159 (4th Cir. 1983) (citing *Hess v. United States*, 361 U.S. 314 (1960)).

*Hamlett*, 559 S.E.2d 195, 200–201 (N.C. Ct. App. 2002). Rather the doctrine "contemplates that if liability is to be imposed the defendant must have the last clear chance to avoid injury. *Id.* (quoting Grant v. Greene, 181 S.E.2d 770, 772 (N.C. Ct. App. 1971)). The Plaintiff has the burden to show that the doctrine is applicable in this case. *Vernon v. Crist*, 231 S.E.2d at 596. If the evidence presented, when viewed in the light most favorable to Plaintiff, will support an inference of each of the elements of the doctrine, the issue of last clear chance must be submitted to the jury and thus survives Defendant's motion to dismiss. *Scheffer v. Dalton*, 777 S.E.2d 534, 542 (N.C. Ct. App. 2015) (quoting *Culler*, 559 S.E.2d at 200). If any one of the elements is not present, the case must be resolved by the rules of negligence and contributory negligence, which are not at issue in this motion. *Culler*, 559 S.E.2d at 200 (citing *Clodfelter v. Carroll*, 135 S.E.2d 636, 638 (N.C. 1964)).

In this case, Defendant contends that "Plaintiff cannot meet her burden to show sufficient evidence supporting each element of the doctrine such that a reasonable fact finder could return a verdict in Plaintiff's favor." (ECF No. 29 at 5–6.) Plaintiff contends, however, that "when issues of negligence, contributory negligence and last clear chance are before the court in litigation involving an automobile collision, weighing witness credibility is an essential component of deciding the case," and "[w]here the resolution of the case is likely to turn on the credibility of the witnesses, summary judgment is simply not appropriate." (ECF No. 30 at 4.) The Court will now address each of the elements required for application of the doctrine of last clear chance to determine whether plaintiff has met her burden, thus defeating Defendant's motion.

With respect to the first element—that Plaintiff negligently placed herself in a position of helpless peril or inadvertent peril at the time of the accident—Defendant argues a number of different reasons why Plaintiff fails to meet her burden. (ECF No. 29 at 14.) North Carolina courts have defined "[h]elpless peril [as that which] arises when a person's prior contributory negligence has placed her in a position from which she is powerless to extricate herself; while inadvertent peril focuses on failure to focus on one's surroundings and discover her own peril." *Culler*, 559 S.E.2d at 201. The doctrine, however, is "inapplicable where the injured party is at all times in control of the danger and simply chooses to take the risk." *Id.* (internal citation omitted). Defendant argues that Plaintiff was not in a position of "true helplessness" because she knew the USPS vehicle was in the intersection waiting to turn as she was approaching the straightaway. (ECF No. 29 at 15–16.) Nor, according to Defendant, was Plaintiff distracted but rather "knowingly entered the intersection" and "Plaintiff could have stopped her vehicle behind the other stopped traffic at the intersection, slowed, or stopped when she first saw the USPS vehicle begin to move toward her." (*Id.* at 15.) Further, Defendant asserts that "[d]espite [Plaintiff's] knowledge of the USPS vehicle and that it was turning across the intersection where Plaintiff was steadily approaching on the straightaway, Plaintiff chose to ignore the dangers from which she had the power to extricate herself." (*Id.* at 16.)

However, Plaintiff testified that she saw a completely stopped USPS mail truck that was not turning toward her as she approached and entered the intersection. (ECF No. 30-2 at 9.) Aside from Plaintiff's testimony, Defendant's analysis obscures the timeline relevant to the application of the doctrine. The question, here, is not whether Plaintiff could have avoided

her position by not attempting to cross the intersection, rather it is whether she had an opportunity to avoid the collision once the threat became imminent, or, said differently, once she was in peril. On this question, only Plaintiff provided testimony as to her actions immediately prior to the collision. Ms. Smith and a married couple that witnessed certain events surrounding the collision, Mr. and Mrs. Johnson, testified that they did not see Plaintiff's vehicle prior to impact. (ECF Nos. 29-2 at 14–15; 29-3 at 34; 29-4 at 18.) Also, Plaintiff testified that she attempted to avoid the collision and "went to the right, and [Ms. Smith] just kept going and turned right into me." (ECF No. 29-5 at 14.) However, the determination of which testimonial account is to be deemed credible is not a determination for the Court to reach at the summary judgment stage. *Summerlin v. Edgar*, 809 F.2d 1034, 1039 (4th Cir. 1987). Given the evidence on the record, taken in the light most favorable to the Plaintiff, and resolving all inferences in her favor, a reasonable jury could find that Plaintiff negligently placed herself in a position of peril by entering the intersection and her unsuccessful attempt to avoid colliding with the USPS mail truck is an indication that Plaintiff was in a perilous situation, from which she had no means to extricate herself. Accordingly, based on the evidence on the record, a reasonable jury could find that Plaintiff has satisfied her burden of showing the first element of the doctrine of last clear chance.

Defendant next argues with respect to the second element—that Defendant knew, or by the exercise of reasonable care could have discovered Plaintiff's perilous position and her incapacity to escape from it before suffering injury—that Plaintiff likewise fails to meet her burden. According to Defendant, the second element of last clear chance was not met because Ms. Smith did not see Plaintiff's vehicle prior to impact. (ECF No. 29 at 16.) Defendant

argues that this was, in part, because Plaintiff was in a lane behind a stopped vehicle and then switched her lane of travel and proceeded into the intersection at 35 miles per hour "at the last second." (*Id.*) Defendant contends that "[u]nder these circumstances, no reasonably careful driver would have seen Plaintiff and discovered her peril, nor would she have had adequate time to react." (*Id.* at 16–17.) Plaintiff argues, however, that the facts show that Ms. Smith turned the USPS truck left into Plaintiff's lane of travel without taking a final look and thus failed to maintain a proper lookout. (ECF No. 30 at 11.)

Defendant acknowledges that Ms. Smith owed Plaintiff a duty "to maintain a proper lookout as to the roadway in front of her," but argues that "the evidence fails to show that Karen Davis Smith did not maintain a proper lookout." (ECF No. 31 at 4.) In North Carolina, "[i]t is a general rule of law that the operator of a motor vehicle must exercise ordinary care, that is, that degree of care which an ordinarily prudent person would exercise under similar circumstances." *Adams v. Beaty Serv. Co.*, 74 S.E.2d 332, 336 (N.C. 1953). Further, the North Carolina Supreme Court explains that:

> [I]n the exercise of such duty it is incumbent upon the operator of a motor vehicle to keep same under control, and to keep a reasonably careful lookout, so as to avoid collision with persons and vehicles upon the highway. This duty also requires that the operator must be reasonably vigilant, and that [s]he must anticipate and expect the presence of others.

*Id.*

Defendant argues that "a plaintiff's assertion that a defendant driver failed to keep a proper lookout may not be based on mere speculation." (ECF No. 31 at 4.) However, the

9

Court finds that Plaintiff's assertion that Ms. Smith did not maintain a proper lookout is not speculative; and further, that Defendant ignores the testimony given by its own driver, Ms. Smith. In her deposition, Ms. Smith had the following exchange:

> Q. Okay. So you were turning to go into the left lane. All right. And as you started the turn, did you check again to make sure there was nothing coming—
>
> A. No.
>
> Q. Okay. But as you started the turn, you didn't take another look ahead—
>
> A. No.
>
> Q. — to see if anything was coming.

(ECF No. 30-3 at 12.)

Ms. Smith testified that she entered the intersection on a green light and proceeded to wait in the intersection because she was yielding to oncoming traffic. (ECF No. 29-2 at 12.) Ms. Smith further admitted that she did not conduct a final look for oncoming traffic prior to attempting to execute her left turn on a red signal and provided no explanation why she did not do so. (ECF No. 30-3 at 12.) Viewed in the light most favorable to Plaintiff, a reasonable jury could find that Ms. Smith, could have discovered that Plaintiff was in the intersection and in a perilous situation if she had taken reasonable precaution by taking a final look before making her turn to ensure that it could have been made in safety. Thus, based on the evidence in the record, a reasonable jury could determine that Plaintiff has met her burden on the second element of last clear chance doctrine.

Defendant next argues that the third element—that the Defendant had the time and means to avoid injury to Plaintiff by the exercise of reasonable care after she discovered , or should have discovered Plaintiff's perilous situation and her incapacity to escape from it—was

not met because Ms. Smith did not have the time nor means to avoid the collision. (ECF No. 29 at 19.) Defendant offers the following evidence as support for its contention: (1) Mr. and Mrs. Johnson's testimonies that referenced "a few seconds" and "a couple of seconds" when discussing the timeline of the accident; (2) that Plaintiff stated that the collision occurred suddenly; and (3) Plaintiff's statement that she merged right in an attempt to avoid being hit by the USPS truck. (*Id.* at 19–20.) However, as articulated during the discussion of the second element of last clear chance above, there is a dispute as to whether Ms. Smith had the time to recognize that Plaintiff was in the intersection as she was attempting to execute a left turn. Moreover, as previously discussed, Mr. and Mrs. Johnson did not witness the moments leading up to the collision. (ECF Nos. 29-3 at 34; 29-4 at 18.) Given the evidence in the record, taken in the light most favorable to the Plaintiff, and resolving all inferences in her favor, the Court concludes that there is sufficient evidence from which a reasonable jury could find that Ms. Smith had the time and means to avoid colliding with Plaintiff. The evidence in the record is such that a reasonable jury could find that Plaintiff has met her burden on the third element of last clear chance doctrine.

Defendant argues that the fourth and final element—that the Defendant negligently failed to use the available time and means to avoid injury to Plaintiff and for that reason struck and injured her—is not met because "undisputed evidence indicates that the accident was imminent and unavoidable." (ECF No. 29 at 22.) Defendant supports its assertion with the statement that "[w]hatever opportunity the USPS driver had to avoid the accident, if any, was minimized by the fact that Plaintiff's vehicle was traveling 35 mph and maneuvering around another vehicle stopped in the left straight lane of travel." (*Id.*) Defendant cites to the

11

dissenting opinion in *Hurley v. Miller*, 440 S.E.2d 286, 294–95 (N.C. Ct. App. 1994), in support of its position. (*Id.* at 18 –19.) However, the facts of *Hurley v. Miller*, which involved a motorist who parked her vehicle on a roadway and then attempted to make a left turn into her driveway directly in the path of the defendant's vehicle, is clearly distinguishable from the facts currently before the Court. In that case, the evidence showed that the decedent turned in front of defendant's truck a "split second" before the collision, that the defendant was not moving from a stopped position, and that the defendant attempted to swerve to miss the decedent, but was unsuccessful. Here, Ms. Smith's testimony indicates that she began moving her vehicle from a stopped position and failed to give a final look for oncoming traffic before making her turn. (ECF No. 30-3 at 12.) Further, there is no evidence that Ms. Smith attempted to avoid Plaintiff in any way. As discussed with respect to the second element of last clear chance, there is a genuine dispute as to the moments that led up to the collision, which goes to whether the collision was unavoidable by Ms. Smith. These are disputes to be resolved by the factfinder, not the Court. When viewed in the light most favorable to a Plaintiff, Ms. Smith's testimony that: (1) she was at a stopped position in the middle of the intersection; (2) she performed her turn when the light governing her lane of traffic turned red; and (3) she did not conduct a final look for oncoming traffic prior to attempting to execute her turn is sufficient for a reasonable jury to find that Plaintiff has met her burden to demonstrate the fourth element of the doctrine of last clear chance.

The Court has identified a myriad of issues for jury determination with respect to the doctrine of last clear chance. For the reasons articulated above, viewing the evidence in the light most favorable to Plaintiff and resolving all reasonable inference in her favor, the Court

concludes that Plaintiff has presented sufficient evidence related to each element of the doctrine of last clear chance to defeat Defendant's Motion for Summary Judgment as a matter of law on that issue. Accordingly, Defendant's Motion must be denied.

For the reasons stated above, the Court enters the following:

### ORDER

IT IS THEREFORE ORDERED that Defendant's Motion for Summary Judgment, (ECF No. 28), is DENIED.

This, the 9th day of September 2020.

/s/ Loretta C. Biggs
United States District Judge